IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ANTHONY CAIRNS, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VILLAGE CREEK REAL ESTATE, LLC, )<br>)<br>Defendant. ) | CIVIL ACTION<br><br>FILE No. |

## COMPLAINT

COMES NOW, ANTHONY CAIRNS, by and through the undersigned counsel, and files this, his Complaint against Defendant, VILLAGE CREEK REAL ESTATE, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's VILLAGE CREEK REAL ESTATE, LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ANTHONY CAIRNS (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Denton County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, VILLAGE CREEK REAL ESTATE, LLC (hereinafter "VILLAGE CREEK REAL ESTATE, LLC") is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8. Defendant, VILLAGE CREEK REAL ESTATE, LLC, may be properly served with process via its registered agent for service, to wit:  Skaukat A. Gaziani, Registered Agent, 3717 Hearst Castle Way, Plano, TX  75025.

## FACTUAL ALLEGATIONS

9. On or about July 12, 2020, Plaintiff was a customer at "Oasis International Market," a business located at 6150 Independence Pkwy, Suite E, Plano, TX  75023, referenced herein as "Oasis". *See* Receipt attached as Exhibit 1. *See* also photo of Plaintiff attached as Exhibit 2.

10. Defendant, VILLAGE CREEK REAL ESTATE, LLC, is the owner or co-owner

of the real property and improvements that Oasis is situated upon and that is the subject of this action, referenced herein as the "Property."

11.     Defendant, VILLAGE CREEK REAL ESTATE, LLC, as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property.  Even if there is a lease between Defendant, VILLAGE CREEK REAL ESTATE, LLC, and a tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

12.     Plaintiff's access to Oasis and the Property, located at 6150 Independence Pkwy, Plano, TX  75023, Collin County Property Appraiser's property identification number 1272349 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

13.     Plaintiff lives 8 miles from the Property.

14.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property are accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

15.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a

return customer as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

16. Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered barriers to access at the Property, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

17. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

18. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

19.    Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

    (iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

20.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

21.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

22.    The Property is a public accommodation and service establishment.

23.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of

$500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Plaintiff intends to visit the Property again as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Defendant, VILLAGE CREEK REAL ESTATE, LLC, has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Defendant, VILLAGE CREEK REAL ESTATE, LLC, will continue to

discriminate against Plaintiff and others with disabilities unless and until Defendant, VILLAGE CREEK REAL ESTATE, LLC, is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) Near Sherman Williams, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Sherman Williams, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii) Near Sherman Williams, the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv) Near Sherman Williams, the accessible curb ramp is improperly protruding into the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(v) Near Sherman Williams, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(vi) Near Jimmy's Burgers, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii) Near Jimmy's Burgers, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(viii) Near Jimmy's Burgers, the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ix) Near Jimmy's Burgers, the accessible curb ramp is improperly protruding into the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(x) Near Jimmy's Burgers, the accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xi) Near Jimmy's Burgers, the handrails of the accessible ramp do not properly extend beyond the accessible ramp run and are in violation of Section 505.10 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xii) Near Crystal Banquet, due to a policy of placing a number of large potted plants in the accessible route there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xiii) Near Crystal Banquet, due to a policy of placing a number of large potted plants in the accessible route the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(xiv) Near Unit 6300 A1, there is at least one accessible parking space that does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(xv) Near Oasis Market, due to a policy of storing shopping carts in the accessible route, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xvi) Near Oasis Market, due to a policy of storing shopping carts in the accessible route, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(xvii) Near Oasis Market, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xviii) Near Oasis Market, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the

        2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xix) Near Oasis Market, the handrails of the accessible ramp do not properly extend beyond the accessible ramp run and are in violation of Section 505.10 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xx) Near Oasis Bakery and Cafe, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxi) Near Oasis Bakery and Cafe, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xxii) Near Oasis Bakery and Cafe, the bottom edge of the accessible parking space sign is below a height of 60 inches above the finished floor and therefore in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xxiii) Near Oasis Bakery and Cafe, the handrails of the accessible ramp do not properly extend beyond the accessible ramp run and are in violation of Section 505.10 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xxiv) The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards.  There are a total of 370 parking spaces on the Property, requiring at least eight (8) accessible parking spaces, but there are only six (6) accessible parking spaces on the Property. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xxv) Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

31. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

32. Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

33. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

34.  All of the violations alleged herein are readily achievable to modify to bring the Property into compliance with the ADA.

35. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, VILLAGE CREEK REAL ESTATE, LLC, has the financial resources to make the necessary modifications since the Property is valued at $5,035,838.00 according to the Property Appraiser website.

37. The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction available from the IRS for spending money on accessibility modifications.

38. Upon information and good faith belief, the Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, VILLAGE CREEK REAL ESTATE, LLC, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, VILLAGE CREEK REAL ESTATE, LLC.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, VILLAGE CREEK REAL ESTATE, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, VILLAGE CREEK REAL ESTATE, LLC, to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, VILLAGE CREEK REAL ESTATE, LLC, in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant, VILLAGE CREEK REAL ESTATE, LLC, from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant, VILLAGE CREEK REAL ESTATE, LLC, to (i) remove the physical barriers to access and (ii) alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: July 28, 2020.

Respectfully submitted,

Law Offices of
THE SCHAPIRO LAW GROUP, P.L.

/s/  Douglas S. Schapiro
Douglas S. Schapiro, Esq.
State Bar No. 54538FL
*Attorney-in-Charge of Plaintiff*
The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com


ATTORNEYS FOR PLAINTIFF
ANTHONY CAIRNS